# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICHARD M. HARDISON,**

    Petitioner,

    v.                              CASE NO. 16-3223-JWL

**NICOLE ENGLISH, Warden,**

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth ("USPL"), proceeds *pro se*. Petitioner challenges his ineligibility to receive early release benefits for participation in the Residential Drug Abuse Program ("RDAP") while incarcerated at USPL. The Court issued an Order to Show Cause, Respondent filed an Answer and Return (Doc. 10), and Petitioner filed a Traverse (Doc. 12). The Court ordered Respondent to supplement the Answer by May 2, 2017, and gave Petitioner until May 30, 2017, to file a supplemental Traverse. Respondent has filed the supplement to the Answer (Doc. 14), and Petitioner has filed a supplement to the Traverse (Doc. 16). The matter is fully briefed and ready for resolution. The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

**I. Background**

Petitioner is currently incarcerated with the Federal Bureau of Prisons ("BOP") at USPL. In 2014, Petitioner was convicted in the United States District Court for the Northern District of Georgia of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ,

and sentenced to 63 months in prison.[1] (Doc. 10–3, at 2.) Petitioner has a projected release date of November 27, 2017, via good conduct time. (Doc. 10–2, at 3.)

On August 21, 2015, Designation and Sentence Computation Center ("DSCC") legal staff completed an offense review for Petitioner and determined that Petitioner was precluded from receiving early release pursuant to 18 U.S.C. 3621(e) due to his current conviction for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (Doc. 10–1, at 6, Doc. 10–8, at 2–3.)

On May 27, 2016, DSCC legal staff re-reviewed Petitioner's early release eligibility based on his May 2016 request, issued a superseding BP–942, and determined that Petitioner remained precluded based on his current offense. (Doc. 10–1, at 6–7, Doc. 10–9, at 2–3.)

Petitioner alleges in his petition that his due process and equal protection rights are violated by the federal policy that prevents inmates with felon-in-possession convictions from being eligible for early release under the RDAP. Petitioner alleges that non-white inmates are being denied sentence reductions under 18 U.S.C. § 3621(e), while similarly situated white inmates are receiving the reduction. More specifically, Petitioner argues that A.F., a white inmate, received the reduction while Petitioner and other African American inmates were denied.

## II. Standards

### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. Respondent alleges that Petitioner failed to exhaust his

---

[1] Respondent notes that Petitioner's Judgment and Commitment Order contains a clerical error, stating Petitioner was convicted under 18 U.S.C. § 992(g)(1). Additional court documents and the Petition in this case confirm that Petitioner was convicted under 18 U.S.C. § 922(g)(1). *See* Doc. 10, at 3.

administrative remedies regarding his early release eligibility under 18 U.S.C. § 3621(e), because he failed to appeal the Warden's denial of his request for a sentence reduction based on his completion of the RDAP.

Although exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion would be futile. *Daybell v. Davis*, 366 F. App'x. 960, 962 (10th Cir. 2010) (unpublished) (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235–36 (6th Cir. 2006)). Petitioner alleges that further attempts at exhaustion would have been futile in light of the DSCC's consistent practice of denying early release benefits to RDAP participants with felon in possession convictions. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (recognizing "narrow exception to the exhaustion requirement" when "petitioner can demonstrate that exhaustion is futile").

The Court tends to agree that exhaustion would be futile considering the BOP's categorical denial, especially in light of the companion cases pending before this Court that were filed at the same time as Petitioner's. *See Lewis v. English*, Case No. 16-3218-JWL (filed November 2, 2016); *Hicks v. English*, Case No. 16-3221-JWL (filed November 3, 2017); *cf. Garza*, 596 F.3d at 1204 (finding exhaustion was not futile where BOP policy was not based on a categorical denial or where BOP had adopted new regulations to replace those previously invalidated). Petitioners in the companion cases, which involve the same issue as the current case, exhausted their administrative remedies and were denied relief. Thus, the BOP has had the opportunity to consider the application of its policy to the petitioners' claims. *See Cushenberry v. Federal Medical Center*, 530 F. Supp. 2d 908, 911 (E.D. Ky. 2008) (finding that it would be a

waste of time to exhaust because BOP's position is that persons convicted of offenses under § 922(g) are not eligible for early release); *see also Martinez v. Davis*, 393 F. App'x 570, 571 (10th Cir. 2010) (unpublished) (noting that pursuant to the Tenth Circuit's decision in *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), the Court may choose to address the merits without considering the issue of exhaustion).

### 2. Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3).

## III. Discussion

The BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The BOP offers the RDAP for inmates who volunteer for treatment and have a diagnosable and verifiable substance abuse disorder, as determined by BOP clinical staff. (Doc. 10–1, at 4.) To successfully complete RDAP, inmates must complete a unit-based component (minimum 500 hours), follow-up services, and a transitional drug abuse treatment component. *Id*.

Federal inmates who were convicted of a nonviolent offense and who successfully complete a drug abuse program are eligible for a reduction of their sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). Because the statute does not define "nonviolent offense," the BOP published an implementing rule and regulations, which provided that prisoners would not be eligible for early release if convicted of a "crime of violence as defined in 18 U.S.C. § 924(c)(3)." *Licon v. Ledezma*, 638 F.3d 1303, 1306 (10th Cir. 2011). Subsequently, the BOP issued a Program Statement declaring that "crimes of violence" included drug trafficking

convictions under 21 U.S.C. § 841 that involved possession of a firearm and felon-in-possession convictions under 18 U.S.C. § 922(g). *Id*. (citing Program Statement No. 5162.02, § 9 (July 24, 1995)).

In response to a circuit split regarding the legality of the eligibility rule and Program Statement, the BOP issued an amended interim rule clarifying its position. *Id.* The interim rule "categorically excluded from early release inmates convicted of a felony '[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." *Id*. (citing 28 C.F.R. § 550.58(a)(1)(vi)(B) (1997)). This interim rule did not purport to rely on the statutory exclusion for "crimes of violence," but rather based its authority on the BOP Director's discretion to grant a sentencing reduction. *Id*. at 1306–07 (citing 62 Fed. Reg. 53690, 53690 (Oct. 15, 1997)). The interim rule became final without change in 2000. *Id*. at 1307; *see also* 28 C.F.R. § 550.58(a)(1)(vi) (2000) (repealed Jan. 14, 2009). As amended in 2009, the regulation continues to categorically exclude from early-release eligibility those inmates whose offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.55(b)(5)(ii). *See* BOP Program Statement 5331.02, *Early Release Procedure Under 18 U.S.C. § 3621(e)*, Section (5)(ii), *Inmates Not Eligible for Early Release*. As noted above, the Change Notice that became effective on May 26, 2016, limits ineligibility for certain types of prior convictions to those "within the ten years prior to the date of sentencing for their current commitment." *See* 28 C.F.R. § 550.55(b)(4).

Petitioner has not established a due process violation. "A prisoner has no constitutional right to participate in RDAP, . . . and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (citing *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (stating that

§ 3621(e)(2)(B) "allows a decisionmaker to deny the requested relief within its unfettered discretion [and] does not create a constitutionally-recognized liberty interest")).

Petitioner also claims that his denial of the sentence reduction violates his equal protection rights. Petitioner alleges that non-white inmates are being denied sentence reductions under 18 U.S.C. § 3621(e), while similarly situated white inmates are receiving the reduction. Senior Counsel for the BOP's DSCC provided a declaration with statistics regarding eligibility determinations. *See* Doc. 14–1. The DSCC legal department reviewed data for all 59,945 early release eligibility reviews completed from October 1, 2012, to March 31, 2017. Because a conviction under 8 U.S.C. § 922(j) does not preclude an inmate from early release eligibility, inmates convicted under that statute are deemed eligible for early release and the DSCC has no records reflecting the number of inmates deemed eligible for early release under that statute. Based on records at the DSCC for inmates convicted under § 922(g), from October 1, 2012, to March 31, 2017, the BOP precluded 1,086 white inmates and 1,852 African American inmates from early release based solely on their § 922(g) convictions.[2] During this same time frame, the BOP did not find any white or African American inmates with § 922(g) convictions eligible for § 3621(e) early release.

A person's equal protection rights are implicated when the government treats him differently than it treats similarly situated individuals. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The BOP's statistics show that it did not treat inmates with § 922(g) convictions differently.

Petitioner has not shown that he was "similarly situated" to A.F.—the inmate convicted under § 922(j). An inmate's allegations must plausibly establish that the prisoner with whom he

---

[2] There are white and African American inmates with § 922(g) convictions who were not included in this data because they had additional current or prior offenses that precluded them from early release.

compares himself is similar to him "in every relevant respect." *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (finding inmates were not "similarly situated" when transfer to administrative segregation was based on various criteria including inmate history). Petitioner and A.F. were convicted of different underlying offenses. *See Williams v. Eichenlaub*, No. 2:07-CV-12712, 2007 WL 2983586 (E.D. Mich. Oct. 11, 2007) (where petitioner convicted of possession of a firearm in furtherance of a drug trafficking crime argued other inmates with convictions for gun charges were granted early release, court found no equal protection violation where other inmates were convicted of receiving, possessing, or disposing of stolen firearms under 18 U.S.C. § 922(j); removing, altering, or obliterating the serial number on a firearm in violation of 18 U.S.C. § 922(k); and an unspecified offense with a weapons enhancement).

Petitioner argues that A.F., an inmate currently convicted of being in possession of a stolen firearm in violation of 18 U.S.C. § 922(j), received the maximum one-year reduction in his sentence for participation in the RDAP, while Petitioner and other inmates who were convicted under 18 U.S.C. § 922(g) were denied the sentence reduction. Petitioner argues that both types of convictions are current felony convictions "for an offense that involved the carrying, possession, or use of a firearm" under 28 C.F.R. § 550.55(b)(5)(ii).

Petitioner has not shown that he was denied RDAP's early release benefits either (1) because of his membership in a protected class or (2) because the prison staff bore some malice toward him. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215–16 (10th Cir. 2011) (equal protection claim available based on membership in suspect class or based on "class-of-one" if individual targeted in "irrational [or] abusive" manner); *see also Payne v. Maye*, 525 F. App'x 854, 857 (10th Cir. 2013) (unpublished). Because the BOP's classification at issue does not implicate a protected class or a fundamental right, the Court applies a rational

basis test. *Martinez v. Flowers*, 164 F.3d 1257, 1261 (10th Cir. 1998) (recognizing that a convicted prisoner does not have a constitutional right to a sentence reduction under 18 U.S.C. § 3621(e)). Under this standard, the Court will uphold a classification if it is rationally related to a legitimate government interest. *Id*.

Petitioner's argument can also be construed as a claim that the BOP's eligibility determination constituted an abuse of discretion under 18 U.S.C. § 3621(e). Petitioner takes issue with the BOP's construction of Program Statement 5162.05 to limit non-eligibility to § 922(g) offenses, while allowing eligibility for those convicted under § 922(j). The Administrative Procedure Act (APA) does not apply to 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625. Thus, the Court "may not review whether the BOP erred in this particular case, but only whether the BOP exceeded its statutory authority in construing 18 U.S.C. § 3621(e)(2)(B)." *Redmon v. Wiley*, 349 F. App'x 251, 256 (10th Cir. 2009) (unpublished) (citing *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000)).

In *Lopez v. Davis,* the Supreme Court considered a challenge to a separate section of 28 C.F.R. § 550.58, that "categorically denie[d] early release to prisoners whose current offense [was] a felony attended by 'the carrying, possession, or use of a firearm.'" 531 U.S. 230, 232–33 (2001). Lopez had been convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, and the district court enhanced his sentence by two levels pursuant to USSG § 2D1.1(b)(1) finding he possessed a firearm in connection with his offense. *Id.* at 236. In reading the statutory text of § 3621(e)(2)(B), the Supreme Court held that:

> Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so. In this familiar situation, where Congress has enacted a law that does not answer "the precise question at

issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design."

*Id*. at 242 (citations omitted).

The Supreme Court expressly held that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Id*. at 240. The Court concluded "the agency's interpretation [of the statute] is reasonable both in taking account of preconviction conduct and in making categorical exclusions." *Id.* at 242. The Court explained: "By denying eligibility to violent offenders, the statute manifests congressional concern for preconviction behavior—and for the very conduct leading to conviction. The Bureau may reasonably attend to these factors as well." *Id*.

Likewise, the BOP policy which categorically denies early release eligibility for prisoners convicted of felon-in-possession charges has been upheld. *See Licon v. Ledezma*, 638 F.3d 1303, 1305 (10th Cir. 2011) (concluding that the BOP's policy is not arbitrary, and therefore the BOP acted within its discretion by excluding inmates convicted of felon-in-possession charges); *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) ("Mr. Martin misreads *Lopez* insofar as he claims that it does not apply when the inmate's offense involved mere possession of a firearm."); *Satterwhite v. Rios*, 215 F. App'x 775, 776 (10th Cir. 2007) (unpublished) (rejecting argument that *Lopez* did not apply to felon in possession). The section of the regulation at issue in this case provides:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
> * * * *
> (5) Inmates who have a current felony conviction for:

9

> * * * *
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive (including any explosive material or explosive device);

28 C.F.R. § 550.55(b)(5)(ii).

The BOP issued Program Statement 5162.05 to "assist in the implementation of various Federal Bureau of Prison policies and programs." *See* BOP Program Statement 5162.05, *Categorization of Offenses*, Section 1. Program Statement 5162.05 serves to list "the offenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate's receiving certain Bureau program benefits at the Director's discretion." *Id*. at Section 2. The Program Statement clarifies that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits." *Id*. at Section 4(e). Although Program Statement 5162.05 does not explicitly address convictions under § 922(j), it appears that the BOP has been interpreting it as not precluding those convicted under § 922(j) from early release eligibility under the RDAP.

Although program statements are not entitled to full *Chevron* deference, they are entitled to some deference. *See Reno v. Koray*, 515 U.S. 50, 61 (1995) (observing a BOP Program Statement is entitled to "some deference" if it represents a permissible construction of the statute). The Court "will respect the BOP's informal interpretation of a statute it has authority to interpret 'to the extent [it has] the power to persuade.'" *Redmon*, 349 F. App'x at 257 (citing *Via Christi Reg'l Med. Ct. v. Leavitt*, 509 F.3d 1259, 1272 (10th Cir. 2007)); *see also United States v. Meade*, 533 U.S. 218, 234 (2001) ("*Chevron* did nothing to eliminate *Skidmore's* holding that an agency's interpretation may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency and given the

value of uniformity in its administrative and judicial understandings of what a national law requires.") (quotations and citations omitted).

The BOP amended the prior regulation—28 C.F.R. § 550.58—in 2009 and included the following rationale when it finalized the current regulation:

> [I]n the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

Drug Abuse Treatment Program; Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 Fed. Reg. 1892–01, 1895 (Jan. 14, 2009).

Petitioner argues that the only difference between a conviction under § 922(g) and a conviction under § 922(j) is that the firearm is stolen in the § 922(j) conviction, while it is purchased legally in a § 922(g) conviction. (Doc. 16, at 2.) However, the conviction under § 922(g)(1) involves possession of a firearm by a person previously convicted of a felony. In light of the BOP's concern that armed offenders and certain recidivists pose a particular risk to the public, it is reasonable for the BOP to exclude offenders with prior felony convictions who unlawfully possess a firearm. *See McKenzie v. Terrell*, No. 05-3372-RDR, 2006 WL 1764344, at n.7 (D. Kan. June 27, 2006) ("Given the substantial risk of danger and the inherently violent nature of firearms, particularly firearms in the possession of a convicted felon, there is nothing unreasonable about the BOP's determination that an inmate convicted of being a felon in

possession of a firearm will not be eligible for early release."). There is no indication that a person who possesses a stolen firearm would pose the same threat.[3] As the Court recognized in *Lopez*, "the statute [18 U.S.C. § 3621(e)] manifests congressional concern for preconviction behavior." *Lopez*, 531 U.S. at 242. The BOP's interpretation of the statute is reasonable as it takes into account an offender's preconviction behavior in determining early release eligibility.[4] Likewise, the Court finds that the classification is rationally related to a legitimate government interest.[5]

To warrant habeas corpus relief, Petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because Petitioner fails to allege facts that state a constitutional violation, the Petition must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition for habeas corpus

---

[3] Section 922(j) provides that:
It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.
18 U.S.C. § 922(j). The Court is aware that Petitioner alleges that A.F. had prior felonies. However, there is no evidence that A.F. was convicted of being a felon in possession. Respondent alleges that A.F.'s current conviction was only under § 922(j). (Doc. 10–1, at 7; Doc. 10–10, at 2.)

[4] The Court notes that even if the Court were to find that the classification of § 922(j) offenses as eligible for early release was improper, this finding would not necessarily entitle Petitioner to early release benefits. His conviction still falls within the language of the regulation (§ 550.55(b)(5)(ii)), which has been upheld by the Tenth Circuit as set forth above. The remedy would be the ending of preferential treatment for those convicted under § 922(j). *See Martinez v. Davis*, 393 F. App'x 570, 572 (10th Cir. 2010) (unpublished) (citing *Day v. Bond*, 500 F.3d 1127, 1133 (10th Cir. 2007) (recognizing that claimed injury in Equal Protection context can be "the right to receive benefits distributed according to classifications which do not without sufficient justification differentiate among covered applicants solely on the basis of [impermissible criteria], and not a substantive right to any particular amount of benefits." (internal quotations omitted)); *see also Heckler v. Mathews*, 465 U.S. 728, 740, n.8 (1984) ("Consistent with Justice Brandeis's explanation of the appropriate relief for a denial of equal treatment, we have often recognized that the victims of a discriminatory government program may be remedied by an end to preferential treatment for others.").

[5] The Court also notes that there is no evidence of disparate impact. There is no evidence that white defendants are more likely to be sentenced under § 922(j) or that non-white defendants are more likely to be sentenced under § 922(g).

is **denied**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 7th day of June, 2017.**

<u>**s/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**